UNITED STATES DISTRICT COURT

for

**WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

FILED BY ___ D.C.

05 AUG 26 PM 5: 00

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. <u>CHARLES JOHNSON, JR.</u>                    Docket No. <u>2:03CR20446-001</u>

**Petition on Probation and Supervised Release**

**COMES NOW** <u>FREDDIE MCMASTER II</u> **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of <u>Charles Johnson, Jr.</u> who was placed on supervision by the Honorable <u>Jon P. McCalla</u> sitting in the Court at <u>Memphis, TN</u> on the <u>31st</u> day of <u>August, 2004</u> who fixed the period of supervision at <u>one (1) year*</u>, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.

*Term of Supervised Release began October 25, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(PLEASE SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Mr. Johnson to appear before the Honorable Jon P. McCalla to answer charges of violation of Supervised Release.

| ORDER OF COURT | |
|---|---|
| Considered and ordered this <u>26</u> day of <u>Aug</u>, 20<u>05</u> and ordered filed and made a part of the records in the above case.<br><br>_/s/ Jon P. McCalla_<br>United States District Judge | I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on <u>August 19, 2005</u><br><br>_/s/ Freddie McMaster II_<br>U.S. Probation Officer<br><br>Place    <u>Memphis, Tennessee</u> |

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on <u>8-29-05</u>



## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Johnson used a controlled substance as evidenced by positive screens for marijuana on April 18, July 6, and August 15, 2005. On March 16, 2005, he signed a voluntary statement of admission to having used marijuana on or about March 2, 2005.

**The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.**

On March 30, 2005, Mr. Johnson was referred to the Alcohol and Chemical Abuse Rehabilitation Center (ACAR) to begin drug testing and treatment. Between March 30, 2005, and August 17, 2005, he failed to attend 11 drug screens and 4 scheduled counseling sessions. He was discharged due to non-compliance on August 17, 2005.

## VIOLATION WORKSHEET

1. Defendant _____ Charles Johnson, Jr.  1360 Southwind #5  Memphis, TN 38116 _____
2. Docket Number (Year-Sequence-Defendant No.) _____ 2:03CR20446-001 _____
3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date  _____8_____  _____31_____  _____04_____
                                                       month       day       year

*(If different than above):*

5. Original District/Office _____
6. Original Docket Number (Year-Sequence-Defendant No.) _____
7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **Usage of a controlled substance (marijuana)** | C |
| **Failure to participate in drug testing/treatment as directed** | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — C
9. Criminal History Category (see §7B1.4(a))74 — I

10. Range of imprisonment (see §7B1.4(a))   | 3-9 months* |

*Being originally convicted of a Class A misdemeanor, the statutory maximum term of imprisonment is 12 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   {X}  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { }  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

Defendant __Charles Johnson, Jr.__    Docket #2:03CR20446-001

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) ___N/A___    Community Confinement ___N/A___

Fine ($) ___N/A___    Home Detention ___N/A___

Other ___N/A___    Intermittent Confinement ___N/A___

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: ___N/A___ to ___N/A___ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____

15. **Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 2:03-CR-20446 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Sheila D. Brown
LAW OFFICE OF SHEILA D. BROWN
9160 Highway 64
Ste. 12
Lakeland, TN 38002

Honorable Jon McCalla
US DISTRICT COURT